UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAIME LAZARO, ET AL., | ) | Case No.: C 09-02013 RMW (PVT) |
| Plaintiffs, | ) ) | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |
| v. | ) | |
| LOMAREY, INC., ET AL., | ) ) | **[DOCKET NO. 13]** |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiffs Jaime Lazaro and Edgar Jehovani Lazaro move to compel defendant Lomarey, Inc. to further respond to specific discovery requests and produce responsive documents. (collectively "plaintiffs"). Defendant Lomarey opposes the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under the submission and the hearing scheduled to be held on September 21, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that plaintiffs' motion to compel is granted.[1]

In the complaint, plaintiffs allege violations of state and federal labor laws. To be liable under the Fair Labor Standards Act, a defendant must meet certain gross income requirements. *See* 26 U.S.C. Section 203. In order to make that determination, plaintiffs seek information regarding the gross revenues of the company for the four years preceding the filing of the complaint. Plaintiffs

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

also seek production of the tax returns by the company for those same four years.

Defendant Lomarey objects to the discovery sought on grounds of corporate privacy. It further states that it did not employ plaintiffs. Rather, plaintiffs were employed by Jared Tikker, a general contractor for Vision Builders. Defendant Lomarey states that it is a loan broker and only "provide[d] accounting services for the Lomarey Pension and Profit Sharing Plan, as owner of one of the properties plaintiffs worked on." Opp. at 2. It further states that it does not engage in the production of goods. Defendant Lomarey states that "on balance plaintiffs have failed to show a sufficient probability of establishing a valid Fair Labor Standards Act claim against Lomarey, Inc. to justify such invasion of its corporate privacy" and the only federal claim is likely barred by the statute of limitations. Opp. at 3-4.

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

"Tax returns do not enjoy an absolute privilege from discovery." *Premium Service Corp. v. The Sperry & Hutchinson Company,* 511 F. 2d 225, 229 (9th Cir. 1975). (internal citations omitted).

1  "Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax
2  laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Id. See*
3  *also, Karen Gattegno v. Pricewaterhousecoopers, LLP,* 205 F.R.D. 70, 73 (D. Conn.
4  2001)(individual tax returns are discoverable if: (1) it clearly appears they are relevant to the subject
5  matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor
6  because the information is not otherwise readily obtainable).  "'Although corporations have a lesser
7  right to privacy than human beings and are not entitled to claim a right to privacy in terms of a
8  fundamental right, some right to privacy exists.'" *Paul Whittall v. Henry Schein, Inc.,* 2006 WL
9  902571 *3 (E.D. Cal.)(internal citations omitted).  "Privacy rights accorded artificial entities are not
10 stagnant, but depend on the circumstances." *Id.*

11      Here, the court finds that the discovery sought is relevant to plaintiffs' claim.  To establish
12 potential liability by defendant Lomarey, plaintiffs must show that the company meets certain gross
13 income requirements.  It does not appear that the discovery sought is obtainable from some other
14 source.  The parties may enter into a stipulated protective order to protect proprietary, confidential
15 and private information from public disclosure and from use for any purpose other than prosecuting
16 the above-captioned action.  *See, e.g.,* model stipulated protective order for standard litigation on the
17 court's website located at www.cand.uscourts.gov.  Accordingly, plaintiffs' motion to compel is
18 granted.  Defendants shall further respond to interrogatory no. 20, request for admission no. 14, and
19 produce documents responsive to document request no. 8 no later than September 30, 2010.
20      IT IS SO ORDERED.
21 Dated:   September 14, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge