ADAM WANG, Bar No. 201233
LAW OFFICE OF ADAM WANG
12 South First Street, Suite 708
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO, et. al.,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>LOMAREY INC, PATRICK T CORRIGAN,<br>JARED TIKKER and DOES 1-10,<br><br>                    Defendants, | Case No.: C09-02013 RMW<br><br>NOTICE OF PLAINTIFF'S MOTION FOR<br>MANDATORY AWARD OF ATTORNEY<br>FEES AND COSTS & MEMORANDUM OF<br>POINTS & AUTHORITIES IN SUPPORT<br>THEREOF<br><br>Date:    June 8, 2011<br>Time:    9:00 A.M.<br>Judge:  Hon. Ronald M. Whyte |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORDS,**

**NOTICE IS HEREBY GIVEN THAT** on June 8, 2012 at 9:00 a.m., Plaintiffs hereby

will move and hereby do move the Court to award Plaintiff mandatory attorney's fees in the

amount of $38,693 and costs in $ 2,082.46.

This motion is based on this Notice , Memorandum of Points in support of this motion,

Declaration of Adam Wang, Declaration of Adam Petersen, Declaration of Rosita Natusch, , all

documents and evidence on file in this matter and arguments and other materials submitted at

the hearing.

## MEMORANDUM OF POINTS & AUTHORITIES

## I.    INTRODUCTION

Despite the clear liabilities of this case, defendant refused to admit liability, and put up a defense that advanced various arguments to defeat Plaintiffs' efforts to recovery unpaid wages. Even though repeatedly warned about the mounting attorney's fees, Defendants never made a realistic settlement offer to Plaintiffs counsel.  Gleaned from the records of this case, substantial work has been done on mediation, discoveries, research on the employer status of the Lomarey Inc. and Patrick Corrigon who are obviously the real sources of funds Plaintiffs look to recover their unpaid wages.  Plaintiffs counsel also spent substantial amount of time on pre-trial briefings and at actual trial.

Much of this case centered around the employer status of Lomarey Inc. and Patrick Corrigon. As this Court is well aware, Plaintiffs prevail on this issue mainly based on a recent case handed down by California Supreme Court *Martinez v. Combs* 49 Cal.4th 35 (May 2010). This case is the first case ever that applied the "suffer and permit" test announced by Martinez Court to hold a Defendant liable under that expanded definition of the employer.  Plaintiffs counsel successful work on this novel issue warranted the fees sought by Plaintiffs counsel.

In prosecuting this case, Plaintiff incurred $38,693 in fees and $ 2,082.46 for costs for which Plaintiff's counsel should be entitled to be reimbursed in full.

## II.    RELEVANT FACTS

### A.    DEFENDANTS VIOLATED WAGE AND HOUR LAWS

On May 6, 2009, Plaintiffs Jaime Lazaro and Edgar Lazaro filed this case  against Defendants Lomarey Inc, Patrick T Corrigan, and Jared Tikker, claiming that these Defendants were their employers and failed to pay them required overtime premiums for the overtime hours they worked.  They alleged violation of state and federal overtime law, failure to provide meal periods under California law, failure to pay wages due and "waiting time" penalties under California law, and violation of California Business & Professions Code § 17200.  See Findings

of Fact & Conclusions of Law (FFCL)[1].  This case was tried to the Court on November 15 and , 2010.

After the bench trial, the Court found that, Plaintiff Jaime Lazaro worked Defendants during the periods January 1, 2006 to November 9, 2007; and Plaintiff Edgar Lazaro worked for Defendants from April 30, 2007 to November 7, 2007, performing construction work. See FFCL, at 9. The Court found that during the said periods, Plaintiffs were employees of Defendants, depending on the projects they worked on.  The Court accepted the hours claimed by Plaintiffs, and found that the liabilities owed.  On March 12, 20012, the Court entered a judgment against respective Defendants as follows:

The court enters judgment in favor of Jaime Lazaro as follows:

**1. Count One (Unpaid Overtime Wages - Cal. Labor Code § 510)**

Against Tikker and Corrigan, jointly and severally in the amount of $3,840.00; and against Tikker and Lomarey, jointly and severally, in the amount of $8,185.00.

**2. Count Two (Liquidated Damages - 29 U.S.C. § 216(b)**

Against Tikker, Corrigan and Lomarey, jointly and severally, in the amount of $8,185.00.

**3. Count Three (Restitution - Cal. Business & Profession Code §§ 17200 et seq.)**

Against Tikker, solely, in the amount of $750.00; against Tikker and Corrigan, jointly and severally, in the amount of $5,790.00; and against Tikker and Lomarey, jointly and severally, in the amount of $8,185.00 (only that portion not collected under Count One is recoverable).

**4. Count Four (Mandated Meal Period - Cal. Labor Code § 226.7)**

No recovery

**5. Count Five (Waiting Time Penalties - Cal. Labor Code § 203)**

Against Tikker and Lomarey, jointly and severally, in the amount of $3,840.00

**6. Count Six (Inadequate Wage Statements - Cal. Labor Code § 226)**

---

[1] Docket No. 40.

Against Tikker and Lomarey, jointly and severally, in the amount of $3,450.00

The court enters judgment in favor of Edgar Lazaro as follows:

**1. Count One (Unpaid Overtime Wages - Cal. Labor Code § 510)**
Against Tikker and Lomarey, jointly and severally, in the amount of $2,700.00.

**2. Count Two (Liquidated Damages - 29 U.S.C. § 216(b)**

Against Tikker, Corrigan and Lomarey, jointly and severally, in the amount of $2,700.00.

**3. Count Three (Restitution - Cal. Business & Profession Code §§ 17200 et seq.)**

Against Tikker and Lomarey, jointly and severally, in the amount of $2,700.00 (recoverable only under Count One or Count Three, not both).

**4. Count Four (Mandated Meal Period - Cal. Labor Code § 226.7)**

No recovery

**5. Count Five (Waiting Time Penalties - Cal. Labor Code § 203)**

Against Tikker and Lomarey, jointly and severally, in the amount of $2,880.00

**6. Count Six (Inadequate Wage Statements - Cal. Labor Code § 226)**

Against Tikker and Lomarey, jointly and severally, in the amount of $950.00.

See Judgment at Docket #41.

B.   PLAINTIFF SUED; DEFENDANT REFUSED TO SETTLE AND WENT GREAT LENGTH TO DEFEAT PLAINTIFFS' EFFORTS TO RECOVER

In January 2009, Plaintiffs contacted Office of Adam Wang, and entered into a contingency agreement for attorney Wang to represent them to bring a lawsuit against Defendants to pursue their lost wages and other remedies available under both FLSA and California law.  On May 6, 2009, attorney Wang filed this action on behalf of Plaintiff.

Given the nature of this case, the Plaintiffs, through their counsel, had aimed to resolve this case amicably early without incurring attorney's fees. Early in the case, Plaintiffs counsel endeavored to exchange the views on the facts of this case with defense counsel and made an

early demand for settlement. Parties participated in the Court sponsored mediation session, but afield to teach an agreement.  While acknowledging some liabilities,   Defendants insisted that only Tickker was the employer, in attempts to shield liabilities from the Lomarey and Corrigon, the real Defendant who have funds to pay the reasonable settlement.

Unable to settle at the mediation, parties proceeded to discovery.  Plaintiffs propounded written discoveries.  In order to establish the coverage of Fair Labor Standards Act, Plaintiffs filed a motion to compel the tax returns of Lomarey Inc.,  see Docket No. 13.

C.    PLAINTIFFS COUNSEL SPENT SUBSTANTIAL TIME IN PREPARING PRE-TRIAL FILINGS

With the trial date approaching, Plaintiff counsel spent substantial time in preparing pre-trial filings.  Plaintiffs counsel took lead in preparing the Joint Pre-Trial Statement (Docket No. 23), filed their Trial Brief (Docket No. 24), Plaintiffs' Proposed Findings of Facts and Conclusions of Law (Docket No. 26); and Supplemental Brief re Plaintiff Edgar Lazaro's Testimony via Contemporaneous Transmission from Mexico (Docket No. 27).

After two-day bench trial, Plaintiffs counsel was required to submit supplemental briefings about the detailed calculations of the hours worked and wages owed, as well as the employer status of Lomarey and Corrigon under both California law pursuant to <u>Martinez</u> case and Fair Labor Standards Act.  See Docket No. 36 & 39.

## III.    LEGAL ARGUMENTS

A.    PLAINTIFFS  ATTORNEY IS ENTITLED TO RECOVER HIS REASONABLE ATTORNEYS' FEES.

An attorney for prevailing party under the FLSA and California Labor Code is entitled to his reasonable attorneys' fees. *See* 29 U.S.C. §216(b).  <u>Luther v. Z. Wilson, Inc.</u>, 528 F. Supp. 1166, 1176 (S.D. Ohio 1981) ("The award of attorneys fees in Fair Labor Standards Act cases is mandatory").  "Absent circumstances rendering the award unjust, an attorney fee award should

ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." <u>Ketchum v. Moses</u> , 24 Cal.4th 1122, 1133 (2001) (emphasis original).

Because Plaintiffs are awarded monetary damages on the claims they alleged, they are thus prevailing parties . As such, Plaintiffs attorney is entitled to be compensated for their fruitful services.

### B. THE ATTORNEY'S FEES AND COSTS ARE MANDATORY

Under FLSA, award of attorney's fees and costs to prevailing employee in an action for overtime is mandatory. FLSA, 29 U.S.C. § 216(b) provides that in an action brought by an employee to recover unpaid overtime, "[t]he court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action" (emphasis added). In <u>Houser v. Matson</u>, 447 F. 2d 860 (9th Cir. 1971), the 9th Circuit held that under FLSA, attorney's fee award is mandatory, <u>id.</u> at 863.

As such, Plaintiffs shall be awarded the full amount of fees and costs on lodestar basis.

### C. PLAINTIFFS' COUNSEL IS ENTITLED TO THE FULL LODESTAR AMOUNT.

The lodestar method is the "starting off point" for determining the amount of a reasonable attorneys' fee award. <u>See</u> <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562 (1992). The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *<u>See</u>* <u>Morales v. City of San Rafael</u>, 96 F.3d 359, 363 (9th Cir. 1996). "There is a strong presumption that the lodestar figure represents a reasonable fee." *Id*. at 364 n.8.

#### 1. Plaintiffs Counsel's Hourly Rates Are Comparable to Bay Area Attorneys of Similar Skill and Experience

As a general rule, Plaintiffs counsel are entitled to the hourly rates charged by attorneys of comparable ability and reputation in the San Francisco Bay Area. <u>See</u> <u>Davis v. City & County of San Francisco</u>, 976 F.2d 1536, 1545-46 (9th Cir. 1992) (reasonable fees are "to be calculated according to the prevailing market rates in the relevant community."). Additionally,

the rates that clients are willing to pay for the attorney's service in that marketplace are presumed to be reasonable. See Tolentino v. Friedman, 46 F.3d 645, 652-53 (7th Cir. 1995). By allowing a prevailing party to recoup competitive rates in FLSA cases, Congress sought to increase the likelihood that attorneys would take such cases and help enforce its statutory policies. See Tolentino v. Friedman, 46 F.3d 645, 653 (7th Cir. 1995); Student Pub. Interest Research Group v. AT & T Bell Lab., 842 F.2d 1436, 1449 (3d Cir. 1988) ("competitive rates….assure that attorneys will take such [statutory] cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated").

One well-established objective source for establishing reasonable hourly rates that vary by experience is the Laffey Matrix used in the District of Columbia.  See Wang Decl., Exh. 3. Laffey Matrix (citing Laffey v Northwest Airlines, Inc, 572 F Supp 354 (D DC 1983), aff'd in part, rev'd in part on other grounds, 746 F2d 4 (DC Cir 1984), cert denied, 472 US 1021 (1985)).  See also Wang Decl, Exhibit  4 (at page 11-12)  for Northern District Judge Walker's opinion using Laffey matrix in determining reasonable rate of attorney's fees.

Under Laffey Matrix for year 2010 to 2011 (Wang Decl Exhibit 3), the reasonable hourly rate for an attorney with 11-19 years of experience is $420; and the reasonable hourly rate for an attorney with 1-3 years of experience is $230.  Because Laffey Matrix is the prevailing market rate for Washington D.C. area, the courts that used the matrix in fixing the reasonable rate will adjust Laffey Matrix using locality pay differentia to arrive at figures that will more accurately reflect the prevailing rate at the local market in which the court sits.  The court will also use the local pay differential within the federal courts that can be found at http://www.opm.gov/oca/05tables/pdf/salhr.pdf, which shows that the appropriate market rate in San Francisco Bay Area will be derived at by adjusting 9% upward from the Laffey Matrix. See, Wang Decl, at Exhibit 4 (at page 13).

As Plaintiff's counsel here are only using hourly rate according to the wage standards in Washington D.C. area without any upward adjustments, their respective hourly rates of $420 and $230 are more than reasonable.

2.      The Hours Spent by Plaintiffs Counsel Are Reasonable

In this case, parties fought on the factual issues such as the hours worked by Plaintiffs, the relations among Defendants Tikker and Lomarey and Corrigon.  Defendants also dispute the applicability of Fair Labor Standards Act and forced Plaintiffs to compel the production of tax returns of Lomarey.  Plaintiffs counsel attended whole day session of mediation and a settlement conference before Judge Trumbull.  In preparing for trial, Plaintiffs fully briefed their case in their pre-trial filings, and further briefed on essential issues of the hours worked and employer status of Defendants Lomarey and Corrigon.  Not only Plaintiff prevailed at the trial by presenting evidence leading to a finding that Plaintiffs are indeed entitled to recover overtime compensation and other remedies, after the conclusion of trial, Plaintiffs also submitted and filed supplemental briefings on fixing the damages and analyzing the laws under both California law and Fair Labor Standards Act with respect to the employer status of Defendants Lomarey and Corrigon. As this Court well knows, it is expensive to litigate a case that goes through a contentious discovery, pre-trial filings, trail and post trial briefings.

In prosecuting this case, Plaintiffs counsel spent fairly modest hours in prosecuting this case.  A contemporaneous time sheets has been kept.  <u>See Wang Decl., EXh. 1</u>. After editing and exercising billing discretion, Plaintiffs only billed a modest 121.55 hours among two attorney and one paralegal.  The fees total $38,693. <u>Id</u>.  This modest fee request for a case that lingered more almost two years before the conclusion of the trial reflects the discretion on the part of Plaintiffs counsel and reasonableness in the fee request itself.

D.      Costs Are Reasonable

The costs incurred include filing fees ($350); costs for video conferencing to allow Plaintiff Edgar Lazaro to testify from Mexico ($1,732.46) and Spanish court certified interpreter.  See Wang Decl., Exh. 2.

## IV.   CONCLUSION

Plaintiffs counsel is entitled to a full lodestar. I respectfully request this Court award Plaintiffs counsel $38,693 in fees and costs of $2,082.46.

Dated: May 4, 2012                    By:    /s/ ADAM WANG
                                             Adam Wang