E-FILED on   6/26/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDGAR JEHOVANI LAZARO and JAIME LAZARO,<br><br>            Plaintiffs,<br><br>    v.<br><br>LOMAREY INC., PATRICK CORRIGAN, JARED TICKKER,<br><br>            Defendants. | No. C-09-02013 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>**[Re Docket No. 45]** |

Plaintiffs brought this action seeking wages and penalties for overtime hours they claim they worked but for which they were only paid their regular hourly rates. The case was tried before the court over two days in November 2010. The court awarded a total of $30,200 to plaintiff Jaime Lazaro ("Jaime") and $9,230 to plaintiff Edgar Lazaro ("Edgar") in unpaid overtime wages, liquidated damages, waiting time penalties, and penalties for inadequate wage statements. The court rejected plaintiffs' claim for missed meal periods and Jaime's claim for time spent providing a security presence at night.

Plaintiffs now seek $38,693 in attorney's fees and $2,082.46 in costs. Under the Fair Labor Standards Act, an award of attorney's fees to the prevailing party is mandatory, though the amount of the award is within the discretion of the court. *See Houser v. Matson*, 447 F.2d 860, 863 (9th Cir.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS—No.
C-09-02013 RMW
LJP

1971); 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Defendants oppose the motion and contend that plaintiffs should be awarded no more than $5,000 in attorney's fees and nothing in costs.

First, defendants argue that the attorney's fees should be reduced because plaintiffs were only partially successful in their claims. In such cases, a reduced fee award is appropriate when the relief is limited in comparison to the scope of the litigation as a whole. *Hensley v. Eckerhart*, 461 U.S. 424, 439 (1983). To determine the appropriate award, the court applies a two-part analysis: if the unsuccessful and successful claims are unrelated, the final fee award may not include time expended on the unsuccessful claims; if the unsuccessful and successful claims are related, the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (quoting *Hensley*, 461 U.S. at 434-35). "The test for relatedness of claims is not precise," but courts have looked to whether the unsuccessful claim is intended to remedy an entirely distinct and separate course of conduct, and whether the evidence overlapped. *Id.* Here, the court finds that the successful and unsuccessful claims were related for the purposes of *Hensley* analysis. All of the claims dealt with the course of conduct relating to plaintiffs' work for defendants and involved overlapping evidence of defendants' practices in supervising and compensating plaintiffs. The court further finds that the relief obtained by plaintiffs, while significant, was considerably less than the total damages sought. As a result of various deficiencies the court found in plaintiffs' case, the final award was less than 50% of the amount claimed in the pretrial brief (Dkt. No. 23), or approximately 63% on Jaime's claims and 27% on Edgar's claims. After considering the relief obtained and the total hours expended by plaintiffs' counsel on the litigation, the court finds that a 40% reduction to the requested fees is appropriate. *See Hensley*, 461 U.S. at 436-37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."); *cf. Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991) (noting a reduction in the lodestar figure rather than a reduction in the reasonable hours is a disfavored approach but

acceptable as long as the district court makes "only one reduction for lack of success" (citing *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1465 (9th Cir. 1988))).

Next, defendants argue that the claimed hours and rates are unreasonable. Defendants specifically object to the following claims for attorney time: (1) all time related to the mediation, because plaintiffs did not participate in good faith; (2) all time related to video conferencing; (3) additional time resulting from plaintiffs' choice to have two attorneys present for trial; and (4) time incurred in connection with extension requests for the convenience of plaintiffs and their attorneys. Overall, defendants contend that the hours are overstated by about 25%. Having considered defendants' objections, the court will exclude 3 hours by Adam Pederson on 6/15/10[1] from the fee award, as that appears to be time spent waiting for lead counsel to appear to begin the mediation, but the court will not otherwise reduce the hours claimed. While the court is sympathetic to defendants' apparent difficulties communicating with plaintiffs to explore settlement, defendants have not shown conduct that amounts to bad faith. As to defendants' other objections, simply because matters relate to plaintiffs' or counsel's convenience does not mean that the time was not reasonably expended in pursuit of the litigation. Similarly, the court cannot conclude that plaintiffs' use of two attorneys at trial was unreasonable, although it appeared to the court that Adam Pederson carried the laboring oar at trial.

Defendants also argue that $420 and $230 are excessive hourly rates for plaintiffs' counsel. Plaintiffs rely on the *Laffey* matrix to arrive at those numbers. However, the burden remains on plaintiffs to demonstrate that the hourly rates are reasonable, as determined by reference to fees charged by attorneys of comparable ability and reputation for legal work of similar complexity. *See Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, 2007 WL 2142292 at *2 (S.D. Cal. 2007). Plaintiffs' counsel simply state that they have been in practice since 1999 and 2009, respectively. Defendants argue that the rates provided in the *Laffey* matrix are inappropriate because those rates are for "experienced federal court litigators," which plaintiffs' counsel are not, and

---

[1] Counsel's description indicates that this time was spent to "Appear at Mediation," though defendants' papers indicate that the mediation session occurred on April 29, 2010, not June 15. *Compare* Dkt. No. 46-1 at 4 *with* Dkt. No. 49-1 ¶ 18.

United States District Court
For the Northern District of California

1  because plaintiffs' counsel are from a small firm, who are generally awarded fees based on lower
2  rates, *see Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 369-70 (S.D.N.Y. 2005). While plaintiffs are
3  correct that courts in this district have used the *Laffey* matrix as an objective source for setting
4  hourly rates, the court finds such an approach inappropriate in this case. After considering plaintiffs'
5  counsel's years of experience, the complexity of this case, and the legal work performed, the court
6  finds that reasonable rates are $350 for Adam Wang and $230 for Adam Pederson.

7  Next, defendants argue that plaintiffs should not be awarded any costs because they have
8  failed to file a bill of costs and because the main item of costs claimed is not allowable under Local
9  Rule 54-3. As plaintiffs recognized, they had 14 days after the date of the judgment in this case in
10 which to file a bill of costs. *See* Dkt. No. 42 ¶ 2; Civil L.R. 54-1(a). Plaintiffs requested and were
11 granted an extension until May 4, 2012, but no bill of costs has ever been filed, nor have plaintiffs
12 even tried to file one. Courts in this district have required plaintiffs to "make a request for taxable
13 costs in strict compliance with the civil local rules." *Crosthwaite v. AAA Constr. Group, Inc.*, 2010
14 WL 5138726 at *5 (N.D. Cal. 2010). Since plaintiffs' counsel is apparently familiar with the
15 procedure for submitting a bill of costs, the court finds no grounds for excusing his failure to do so.
16 Thus, the court will not award any costs.[2]

17 Finally, defendants argue that the fee award should be apportioned among defendants in the
18 same proportion as liability for the underlying damages award. The Ninth Circuit has essentially
19 rejected a rule apportioning attorneys' fees in accord with the losing parties' relative culpability. In
20 *Corder v. Gates*, the court noted that the lodestar calculation is based on reasonable hours spent, and
21 "[i]t would make little sense to determine the overall liability of all defendants based on one
22 consideration, then determine the individual liability of defendants based on an entirely different
23 consideration." 947 F.2d at 382-83. The court further found, in the context of civil rights claims:

> Attorney's fees *are not* awarded to punish defendants. Attorney's fees *are* awarded to encourage meritorious civil rights actions by ensuring reasonable compensation for victorious plaintiffs' attorneys. Thus, we have prescribed apportionment of attorney's

---

[2] At the hearing, plaintiffs' counsel stated that a third cost item, for interpreters, had been omitted from his papers. Counsel asked for leave to supplement his supposed "bill of costs" to include this item. As the court finds that no proper bill of costs has been filed at all, the request to supplement is also denied.

> fees when the *time expended* by the plaintiff in pursuing each defendant was grossly unequal. We have never mandated apportionment based on each defendant's relative liability under a jury's verdict. [Appellant's] rule would negate the discretionary power granted the district courts under the Act, and we reject it.

*Id.* at 383 (citations and internal quotations omitted); *see also Jones v. Espy*, 10 F.3d 690, 691 (9th Cir. 1993) ("Apportionment is mandated [when disproportionate time is spent against each defendant] in order to ensure that a defendant is not liable for a fee award greater than the actual fees incurred against that defendant."). Here, defendants' differential liability reflects the fact that Jaime worked on multiple projects that did not all involve every defendant. However, the court finds that it cannot effectively apportion the time spent by plaintiffs' counsel against each defendant. Plaintiffs essentially pursued their claims in an undifferentiated fashion, and counsel confirmed at the hearing that they did not distinguish among projects or employers until the court asked the parties to address the issue in post-trial briefing. The court finds that approximately the same amount of time would have been expended on plaintiffs' claims even if only one defendant were involved. Thus, the court will award the full amount against each defendant.

**ORDER**

For the foregoing reasons, the court awards fees against all defendants jointly and severally, as follows:

| | | | |
|---|---|---|---|
| 1. | Rosita Natusch | 2 hours x $150/hr = | $300 |
| 2. | Adam Wang | 57.35 hours x $350/hr = | $20,072.50 |
| 3. | Adam Pederson | 59.2 hours x $230/hr = | $13,616 |
| | | Total lodestar fees: | $33,988.50 |
| | | Less 40% "success" reduction: | $20,393.10 |
| | | Costs: | $0 |
| | | **Total Award:** | **$20,393.10** |

DATED:   June 26, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge